Lee v. U.S. National Bank Association Good morning Let's get the courtroom settled before we start Yes, Your Honor Okay, Mr. Boyer Thank you To please the Court, my name is Wes Boyer I represent Patricia Benton Lee in this case as the appellant This case involves primarily the interpretation of 11 U.S.C. section 1123b-5 which is applicable to Chapter 11 cases The case below was a Chapter 11 case Many of the appellate decisions that I'll talk about construe 11 U.S.C. section 1322b-2 which is applicable to Chapter 13 cases But the statutory language is the same And I'll focus primarily on the appellate decisions because I've practiced for 39 years now and I've never seen case law go off in such different directions Well, I've been focused on the text of the statutes involved here and would appreciate your assistance in going through those So the anti-modification provision provides, as I understand it that a plan may modify the rights of holders of security claims other than a claim secured only by a security interest in real property that is the debtor's principal residence Correct Only being an important word, it seems to me It is, Your Honor And then the Code defines a debtor's principal residence as a residential structure if used as the principal residence by the debtor including incidental property without regard to whether that structure is attached to real property, right? Correct Incidental property, then, is defined in turn as means property commonly conveyed with a principal residence in the area where the real property is located and includes all easements, rights, appurtenances, mixtures, replacements, and additions What's not clear to me is whether we really have a record that has sorted that out It seems to me if you had a piece of property that had a residence on it but that property also had a $10 million factory on it and the facts were that that entire property would not be commonly conveyed with the principal residence Correct That the land on which the factory sits might not count as incidental property And it seems to me that perhaps the record here is really not developed well enough to know whether this anti-modification provision applies That is true, Your Honor I would agree with the Court there Judge Laney, in the initial decision, he did say there was incidental that the farmland would be incidental property but there was no record of commonly conveyed property Also, definitionally, I've cited in my reply brief to the Paul Tuckett case where they talk about incidental property as being primarily you know, the boilerplate, the garage, the HVAC units, and typically those things But, Your Honor, as to the statutory language You know, there are three appellate courts that have dealt with it Two circuits, one bankruptcy appellate panel They've all reached different conclusions The first one was the Lomas case, the First Circuit That court there held that the language was ambiguous as to a mixed-use property That you don't know whether it only covers just security interest or security interest plus residence As I understand it, you took the position at the bankruptcy court and the district court as did your opposing counsel, that the statute was unambiguous Is that correct? Your Honor, I would urge the SCARBOROUGH approach Am I correct? I think you are correct Yes, I think that is right As I understand it, WAGS or wages I'll say wages, but I don't know exactly how it's pronounced from the Ninth Circuit And SCARBOROUGH, the case you're about to talk about Both said it was unambiguous Am I correct? That's correct But different results Right So let's go with the assumption it's unambiguous for right now Okay My question, also focusing on the text as the Chief Judge did What does the only in the statute or the phrase Other than a claim secured only by a security interest in real property That is the debtor's principal residence What does the only modify? I take the position only modifies the remaining clause I take basically the SCARBOROUGH position that That you equate principal residence with property That it was intended And the legislative history is clear Let's put aside legislative history for the moment For many of the reasons the Chief explained in the last appeal Is that the way language works? Do we say that only applies to every single prepositional clause that it follows? Is that the way grammar normally works? Do we normally say that only applies to everything And every single prepositional clause that follows it? Or does it only apply to the prepositional clause Or the clause that it immediately proceeds? I think it would apply to the clause that follows Okay, so there we have only And then we have the prepositional phase By a security interest in real property, right? Well, I think I would continue with I know you would, I know the SCARBOROUGH Court did But that doesn't seem to be how language normally works It doesn't seem that we would say only applies to Prepositional clause 1, 2, 3 and 4 Even though those don't have only in front of them That's not how we do things, is it? Well, I think that was the intent here I think the reading that the way language Well, let me ask you this How could that possibly be the intent after the bankruptcy statute Was amended in ways that the Chief Judge asked you about? And let me ask you this So if only means it can only be The principal residence and nothing else Then how could it be that principal residence Is defined as things that are not real property? In other words, if it's only real property That is the principal's residence And real property is the principal residence Then how can principal residence be defined as things That are other than real property Including fixtures and appurtenances And things that are clearly not real property? Well, because I think it was intended that You were giving, you're covering a box Basically a residence in a typical loan package And that's what the purpose of this was Was to protect this residential loan package And there you would have a house and a garage And the HVAC unit and, you know, the driveway And things that typically are conveyed with the property Rents aren't something that Those are separately negotiated But yet somehow is included in the definition Of principal residence as defined by incidental property Well, that's correct It is But, again, I think the intent was just to cover a box And a mixed-use property like this Under the reading that wages or WAGs gives It really leads to an absurd result Because, like the Lomax Court talked about You know, you've got the, you know One out of a hundred residential units Covered by one security deed So, you know, bang Under that strict reading It just, it leads to an absurd result And that is one of the reasons I think the court should How is it absurd to free up the mortgage market So that there is, they can be sold on the foreclosure And you can have the free sale of property That may not be what you like That may not be a good policy But can we say it's absurd that Congress made the call To say that residential property should not be bound up In the same way that other property is bound up in bankruptcy And stayed for ad infinitum Well, I guess the question is What is the residential property? I mean, if it's primarily a farm Taking your example An apartment in an apartment house That is part of an overall mortgage I can't imagine why someone would do that But let's assume that you're hypothetical that they do that Congress can make that call That's not absurd, is it? I mean, again, you and I might not write the bill the same way But that's not an absurd result I think it's not what Congress intended But I think it is an absurd result Because, again, I don't think Congress was intending to reach Such a broad property Anywhere the debtor lives I don't think that was the intent The intent was to cover a residential mortgage But, you know, Your Honor I think, again, I think The Scarborough approach I just don't know how you can answer the question, though Without knowing what is Without a record About what is the incidental property You may be right, Your Honor I see my time is up now If nothing further I'll turn it over to Mr. Jordan You've saved five minutes Yes, Mr. Jordan Maybe you can come and help us May it please the Court Brian Jordan for the U.S. Bank National Association Your Honor, first I'd like to touch on some things That you mentioned with your example About the A factory The factory, yes, Your Honor $10 million factory $10 million Incidental property If the evidence were That it's not commonly Conveyed With the principal residents That it would be sold separately It wouldn't be incidental property Then, right? Well, Your Honor And with all due respect I think a hypothetical like that And a hypothetical like the 100-unit apartment complex Is so hypothetical that I don't think it's a helpful That's, you know Let's answer it Well, to answer it, I think Typically with a $10 million factory With a residential property You're not going to have a standard residential loan agreement You're going to have a commercial loan agreement With commercial terms Maybe so, but would it It might well not be commonly conveyed Right? With the residents But in the absence of a record about that About what we have here And whether it's incidental or not It might be that All the property in a certain area Of the country That includes farmland Is commonly conveyed together That no one would buy the farm without the residents No one would buy the residents without the farm I don't know But without a record developed about that I don't know how we can make a determination Of whether this applies or not Well, I think Based on the evidence That was submitted to the bankruptcy court The Appellant in her testimony That the property was conveyed to her as one sole unit It's not separately defined In the legal description The The county assessor card that was submitted With the evidence Showed that the property was All Just because it was in one instance Doesn't mean that it Doesn't mean that it is Commonly conveyed With a principal residence In the area All of which looks to me Like a factual Determination that's Beyond What happened With this specific property It might be evidence Of what happens commonly But it wouldn't necessarily answer the question Possibly right The Area in which the property is located is agricultural And I think that speaks To the more commonality of Properties being conveyed On large lots And again, the record shows That this particular appellant She leases the property To a third party And it generates a Very small amount of income For her, around 7% of her Property and it's contingent on this Third party lease. She herself Hasn't farmed the property and is not currently Farming the property and so without This third party lease The property would effectively Cease to be farmed and would just revert to Vacant Empty land That's not being used I think To Obtain relief from the automatic stay You must prove the debtor has no equity In the property. You admitted In the bankruptcy court you've not appraised The property or otherwise Conducted evaluation Did you offer any evidence About the debtor's equity in the Home? We did that based on the petition That was filed, the schedules And the amount of the proof of claim That was filed in that case And at that hearing My colleague did stipulate that there was no Equity in the property And his sole argument was That he Wanted the request For relief denied so that he could Because he had filed a claim Are you saying that both parties stipulated To this? The parties stipulated to there being no equity in the  And where is that? It's in the transcript From that hearing, Your Honor Okay And To go back to The definitions that the Court has brought up regarding Incidental property And that being included, that was included With the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act In which prior to that point there was No definition for debtor's principal residence And many of the cases For example, the Lomas case was decided before that And the Lomas case actually found both A mixed use approach and a residential Use only approach plausible But it looked to A bankruptcy court decision From California in 1986 The N. Ray Ramirez case And if you look at the issue Actually framed by the N. Ray Ramirez Court It looked to Substantial income Generated by the property And in that case the facts Showed that that particular Debtor Received around 46% Of its income from renting The property. And so I think Lomas was somewhat Misguided in Its analysis because It was looking to A decision that seemed To focus a lot on The amount of income Generated by a property and that Potentially bringing it outside of the Anti-modification provision. And again With the 100 unit apartment complex That's typically You're going to have a commercial loan A UCC giving the Creditor in addition to A security interest In the real property itself The apartment complex. They're going to have The UCC is going to give them Additional security interest in things like An operating account, accounts receivable Personal affects of that borrower Can I go back to the language of Section 1123B5 Please. Does the property Have to be only the debtor's Principal residence? No. It could be other things, right? Absolutely. It could be other things. So if that's the case Then let's take A hypothetical about a factory In a big property with a house attached If there is a residential Mortgage on this hypothetical factory that If the property has a residential structure That the Person's primary residence, in other words It's a house. And it has at least Some property that's conveyed with that house A garage, a driveway that's commonly conveyed And it has easements And rights, pertinences, fixtures and rents that are Included in all replacements or additions to it Then isn't that enough To be covered? Even if there is Other things on that property that are outside That definition? Your Honor, again I struggle with that But accepting Well if it's not only or exclusive Then as long as it is that thing Then it could be other things too, right? Right. Absolutely. And I think Accepting that it For sake of argument that it is a residential Loan agreement Then yes, I think Arguably it would fall within the scope Of the Anti-Modification Clause. Right. Even if the factory Wasn't one of the incidental property As long as it covered Something that was residential property On there, that the real property Is that, then it doesn't matter If there are other things on there that are outside Or covered by that, or not covered by incidental property Right? Right. And the definition of bankruptcy That the bankruptcy code provides For debtor-sponsored residence It suggests that it doesn't need to be attached At all. Right. You'd have to read is As equals and only equals To get to That, to get to the point when It'd have to cover, incidental property Would have to cover everything including The factory, the fence You know, the little pond Forty miles away. It'd have to cover All of it. If we were to read Is that way. Yes. And that's exactly what the Scarborough Court did. Right. But it should be noted that the Scarborough Court decision was dated in 2006 Which was post-BAPSIPA However, there's a footnote in the Scarborough Decision where it discusses That BAPSIPA Has since happened and It's leaving for another day The problem I'm having Though is only by security interest In real property That is The debtor's principal Residence. The property Has to be The debtor's principal residence It doesn't suggest that It can be anything more than that It has to be, that's All it can be. Well, I would Respectfully disagree. The 2010 Bankruptcy Technical Corrections Act I think gives us Some guidance on that and The part that was added With the 2010 Bankruptcy Technical Corrections Act was If used As the principal residence by the debtor Now, that somewhat seems like Congress was using the Phrase, the reword of the phrase As part of the definition of the phrase But I think that's important because they Chose to say if used as the principal Residence by the debtor, it could have been Counsel, let's talk about ordinary language If I Present to you the language, Robert Is a Miami Dolphins fan Does that mean that I am only a Miami Dolphins fan and not a fan of any other Football team in the entire United States Of America? No It's not exclusive, is it? Right, no it's not It just means that I am that It doesn't mean that I am only that Right, if the sentence read, Robert Is only a Miami Dolphins fan And a fan of no other football team Would that indicate that I am a fan of anything Other than the Miami Dolphins? Exactly, it would indicate that you are completely and solely A fan of Miami Dolphins And I think So what the only modifies really matters a lot, right? It's crucial And I think The Fact that they chose not I think in an ordinary Language context, it's much simpler To Or much more pertinent to Negate other uses when you're using language Like if used as the principal residence by the debtor As you just Indicated, it could serve Multiple uses. They didn't negate Any other use, they simply just said If used as a Principal residence by the debtor. Once you fall Under that, everything else becomes Irrelevant. Why does it have the Including incidental property? Because I think that If that's right, if all It matters is that you use it As your residence Then there wouldn't be of any point In pointing out that Incidental property, which Which someone might say Is not actually being used As your residence is included Well, I mean Perhaps it was the 2005 PAP SIPA when they provided That definition of incidental property And then they came back in in 2010 And said, well, we need to provide additional Clarity And then they go on to define incidental Property Right, and I think In a way that Limits it To, right? That's true But I think it makes it even more Abundantly clear, and just with The inclusion of incidental property, that tells us That there is some contemplation There that a property can generate Things like rent and Income, and I think A residential use only approach essentially Breeds that out. Lots of people Rent a residence Right But if they reside In that residence as well Then it becomes their principal residence And so The operative Use. In other words, by Including it, you're expanding So The Third Circuit read a pre-definition was that Real property has to be The principal residence has to be real property In other words, they're the same thing And what Congress did by including incidental Was expanding it to include things that Aren't just real property Like fixtures and appurtenances aren't real property Your air conditioning unit is not real property Correct But yet, it is an appurtenance That's part of the property If you have a security interest In property That's not being used as the residence And can't be defined As Incidental property The factory Does the provision Cover it I think if it's covered Is it secured only By a security interest In those things And that is the debtor's Principal and real property That is the debtor's principal residence Including incidental Property Or is it securing Does the security interest Secure more Than just that I think it would. I think if the residential loan agreement For sake of argument Is encumbering The principal residence And this property All under one legal description Like we have in the case before this court Then I think It would be covered It would fall under the wages test The security interest is covering more than the debtor's Principal residence It's securing more than that Right But under the code, they're still using it As their principal residence I understand that But is it secured Only By a security interest In real property that is the debtor's Principal residence If the security interest covers A $10 million factory I would say that it is Because it Under the plain reading of the Statutory language And under the wages approach Which allows for mixed uses You would say Is the claim secured by real property Is that the only Security And if so Is that the debtor's principal residence And then under the If you read in the definition You would say Is it used as the principal residence By the debtor and you would say yes And so at that point other uses become irrelevant But again I think that would be a very extreme example And somewhat unlikely to Occur in a standard Context And I have nothing further To say here Okay Mr. Boyer Say five minutes I wanted to briefly address the issue Of equity We did stipulate in the bankruptcy court That there was no equity in the property And that Illuminates the Significance of what we're talking about Here today Because the debt And I think the record reflects The debt was about $253,000 And the Appraisal that the debtor had The debtor's value was $138,000 So what the debtor's plan Wanted to do was to Basically lean strip Or cram down Write down the debt to the value under Section 506B and Pay that over time Whereas the anti-modification Provision was raised As a defense and they said You can't do that, you can only Live to the contract Terms which means try to Catch up the back payments And they would have collected The full amount of the debt rather than the value So that's the real Significance of really what we're Arguing about today And I think You know the case could turn on I know that If the court were to Decide the case on the basis of incidental Property you may not reach the Statutory construction Issues is one way Of looking at it But you know I just wanted to I sort of I want the court to adopt the Scarborough approach that You construe the whole Statute together And As a backup I think The frustrating thing sometimes is Just because we have three Different approaches that courts have adopted Doesn't mean any of them are right I agree with that Your Honor, there are many things I don't like If you want to make an argument For why the Scarborough approach is the right approach Explain to me why it's right As opposed to that's the Approach I want you to use Because it benefits my client You see my point I do, I do The Scarborough approach is right because it Considers the word Only as modifying Both the security interests And the real property And You know As an alternative argument I think the statute is ambiguous And the court should look to the Legislative history Because Let me ask you Something Does the record show Where the What's being used With Used to being put to the missing acres You've got 43 acres Woman owns Two and a half of which She's got her residence on Big yard So that leaves 40 and a half And then 35 She's leasing Which leaves five and a half Is that the pine subsidy deal Your honor, I think the record Reflects that there's around Two and a half acres that surround The house that's used for residential Purposes and the remainder of the property Approximately 40 and a half acres Has been leased to a Farmer For rent And the testimony was That has always been farmed And always leased So 40 and a half instead of 35 That's my recollection of the record Your honor You may be right, I was misinformed But I Wanted to kind of steal From the Wages dissent Where the wages dissent said the fact that We have So many appellate courts We have three appellate courts, all three of them Coming up with a different result By different Logic Seems to indicate that There's some ambiguity there And I did want to also Just briefly Say, I mean the wording of the statute Is there, there's no lenders Knowledge requirement in the statute There's no De minimis rule in the statute There's no modifying Terms in the statute You know when it talks about principal residence They could have said In part by the principal In whole by the principal residence There's no modifier there So Your honor, just in conclusion We would ask the court to Reverse the Bankruptcy in district court And remand the case Thank you We'll move to the last case For today